[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Lawrence Mobley (plaintiff) has instituted a cause of action against Ebenstein Ebenstein, P.C., Norman Ebenstein and Douglas Ebenstein (defendants). In the sixth count of his complaint the plaintiff alleges that the defendants engaged in conduct which violated the provisions of the Connecticut Unfair Trade Practices Act (CUTPA) CGS 42-110a through 42-110q.
The defendants now move to strike the sixth count of plaintiff's complaint on the ground that it fails to state a claim upon which relief can be granted.
The function of a motion to strike is to test or challenge the legal sufficiency of a pleading, and admit all facts well pleaded. Ivey, Barnum O'Mara v. Indian Harbor Properties, Inc., 190 Conn. 528, 530, n. 2 (1983). All well pleaded facts are construed most favorably to the non-moving party and are deemed admitted for purposes of the motion to strike. Amodio v. Cunningham, 182 Conn. 80, 82.
The parties at argument have indicated that the appropriate test in order to determine whether a case falls within the scope of CUTPA is the so-called "cigarette rule." McLaughlin Ford, Inc. v. Ford Motor Company, 192 Conn. 556, 568 (1984), A-G Foods, Inc. v. Pepperidge Farms, Inc., 216 Conn. 200, 215
(1990).
Section 42-110b(a) provides: "No person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce. In determining when a practice is unfair, we have adopted the criteria set out in the `cigarette rule' by the federal trade commission . . . . (1) whether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise — whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial in jury to consumers. [competitors or other businessmen]." A.G. Foods, Inc. v. Pepperidge Farms, Inc., supra.
In this case the plaintiff alleges in his complaint that the defendants: legally represented the plaintiff in connection with an automobile accident; that they failed to properly prosecute the case; that they failed to pursue a potential uninsured motorists claim, that they misrepresented to the plaintiff that his case was pending (when, in fact, it had been CT Page 5038 dismissed); that they misrepresented the purpose and effect of a $7,500 payment to the plaintiff; that they had promised plaintiff additional monies when case was resolved; that no additional monies were forthcoming because the complaint had been dismissed and the defendants had knowledge of the dismissal.
It is clear that the provision of at least some legal services constitutes the conduct of any trade or commerce' and that CUTPA applies to the conduct of attorneys. Noble v. Marshall, 23 Conn. App. 227, 230.
Construing the facts most favorable to the pleader for purposes of the motion to strike this court finds that the conduct attributed to the defendants both offends public policy and rises to the level of unethical behavior as to bring this alleged conduct within the purview of the remedial CUTPA statute.
The motion to strike count six is denied.
MIANO, JUDGE